# BRAXTON *v.* JOHNSTON.

### RESULTING TRUSTS; HUSBAND AND WIFE.

Where a husband, with his own money, erects a dwelling house on a vacant lot belonging to his wife, as a home for both, the presumption is that the money thus expended was a gift to his wife, to rebut which a contract or understanding inconsistent therewith must be clearly proved by him in order to establish a resulting trust for his benefit. (Following *McCartney* v. *Fletcher,* 11 App. D. C. 1, and *Ockstadt* v. *Bowles,* ante, 58.)

No. 2012. Submitted January 5, 1910. Decided February 1, 1910.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia sustaining a demurrer to and dismissing a bill of complaint to establish a resulting trust. *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellant, Edward H. Braxton, complainant below, seeks a reversal of a decree of the supreme-court-of the District sustaining the demurrer of appellee, Emma Tolliver Johnston, defendant below, to the bill of complaint, and dismissing said bill.

In his bill appellant alleges the death of his wife, Fannie E. Braxton, who left surviving her as her hier at law, Emma Tolliver Johnston, the appellee; that his said wife died seised and possessed of lot 18 in square 1844 in the District of Columbia; that at the time of the marriage of appellant to said Fannie the said property was unimproved; "that being anxious to improve the aforesaid real estate, as well as anxious to provide a home for himself as well as a home for his wife, the aforesaid Fannie E. Braxton, during her lifetime, your complainant began in the month of July A. D. 1904, to improve the aforesaid real estate by erecting thereon, at his own cost and expense, a dwelling house as a home for his wife, the aforesaid Fannie E. Braxton, and for your complainant, in order that the aforesaid Fannie E. Braxton might be properly housed during her lifetime, and in order, further, that your complainant, in the event of his surviving his wife, the aforesaid Fannie E. Braxton, might have a place of dwelling as his own, and that, in the event of the death of your complainant, the same might descend to his heirs at law;" that said dwelling cost appellant $2,500, most of which he had accumulated prior to his marriage; that appellant "intended said dwelling as his sole, separate, and absolute property; that he has never by word, act, deed, gift, will, nor by any other instrument or instruments, or in any manner known to law, nor in any way or manner whatsoever, conveyed, deeded, transferred, or assigned said dwelling house to the aforesaid Fannie E. Braxton, nor to any other person or persons, nor has he ever expressed an intention so to do, but has always claimed and defended and does still claim and defend his title and right to the aforesaid dwelling."

The bill prays for a decree "establishing the right of the com-

plainant to the aforesaid dwelling, and vesting in him the title thereto."

Mr. *Royal A. Hughes* and Mr. *Augustus W. Gray* for the appellant.

Mr. *Stanton C. Peelle* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

Did the court err in dismissing the bill? It will be observed that it is not stated that, in erecting this house on the land of his wife, appellant was acting under any mistake as to the title to said land. Neither is it averred that there was any agreement or understanding between himself and his wife by reason of which the house was erected. The facts, therefore, as disclosed by the bill and upon which this opinion must turn, are that appellant, to provide a home for his wife, voluntarily erected a dwelling house upon a lot belonging to her, without any mutual understanding or agreement in respect thereto. "It is a settled principle that where a husband pays the consideration and has a conveyance of the purchased property made to his wife, the presumption is against a resulting trust for his benefit, and the proof to overcome this presumption must be clear and satisfactory." *Ockstadt* v. *Bowles,* present term, ante, 58; *McCartney* v. *Fletcher,* 11 App. D. C. 1.

The rule applies with equal force to a case like this, where a husband fulfilled only his legal duty in providing a home for his wife. To overcome the presumption that the money thus expended by the husband was a gift to his wife, a contract or understanding inconsistent therewith must be clearly proven, and, in the absence of an averment that such a contract or understanding existed, it must be presumed that there was none. There being no such averment in appellant's petition, it follows that the court was right in sustaining the demurrer thereto.

Decree affirmed, with costs.                    *Affirmed.*